## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH HENNING, | : | Civil Action No. 1:11-CV-11428-WGY |
| Plaintiff, | : | |
| v. | : | |
| WACHOVIA MORTGAGE, FSB | : | |
| Defendant. | : | |

### SECOND EMERGENCY MOTION TO STAY PENDING MANDAMUS REVIEW

Defendant Wachovia Mortgage, FSB, n/k/a Wells Fargo Bank, N.A. ("Wells Fargo")
hereby files this Second Emergency Motion to Stay Pending Mandamus Review ("Second
Emergency Motion"), requesting that the Court stay its order of October 3, 2013 given in open
court that the parties provide supplemental briefing regarding preemption within 60 days (the
"Briefing Order"), and its Order for Pretrial Conference dated October 9, 2013 that Wells
Fargo's President attend a pretrial conference in person or via telephone at 2:30 p.m. on October
23, 2013, pending resolution of mandamus proceedings that Wells Fargo has initiated.  Wells
Fargo asks that the Court act on this motion on an emergency basis on or before October 14,
2013, to permit Wells Fargo sufficient time to seek an emergency stay from the First Circuit
should the Court not grant the stay.

In support of its Second Emergency Motion, Wells Fargo states:

1.      On September 17, 2013, the Court entered its Memorandum and Order on Wells
Fargo's motion to dismiss Plaintiff Joseph Henning's claims pursuant to Rule 12(b)(6).[1]  The
Court dismissed all of Plaintiff's claims and found that Wells Fargo had won the case.  However,
the Court ordered Wells Fargo, within 30 days, to "submit a corporate resolution bearing the

---

[1] Although the Memorandum and Order was entered on September 17, 2013 it was issued by the Clerk and served
electronically on Wells Fargo on September 18, 2013, at 10:00 a.m.

signature of its president and a majority of its board of directors that it stands behind the conduct

of its skilled attorneys and wishes to avail itself of the technical preemption defense to defeat

Henning's claim" or "the Court will deem the preemption defense waived" and the case will be

tried on the merits to a jury.  Memorandum and Order at 42.  (Docket Entry No. 95.)

       2.      On Wednesday, September 25, 2013, Wells Fargo filed an Emergency Motion to

Stay Pending Mandamus Review ("First Emergency Motion").  The First Emergency Motion

informed the Court that Wells Fargo intended to file a Petition For Writ of Mandamus

("Petition") with the United States Court of Appeals for the First Circuit with respect to the

Order's "corporate resolution" requirement upon pain of waiver and proceeding to trial.  It stated

that Wells Fargo intended to expeditiously file the Petition on the afternoon of Friday, September

27, 2013.  It requested that the Court entertain the motion on an emergency basis and issue a

ruling on or before 2 p.m. on Friday, September 27 so that the Court's disposition of the motion

could be communicated to the First Circuit in the Petition.  (Docket Entry No. 96.)

       3.      On Friday September 27, 2013 at 11:33 a.m., Judge Nathaniel M. Gorton, who

was sitting as the designated emergencies judge, issued an Order denying the First Emergency

Motion "without prejudice."  (Docket Entry No. 97.)  The Order further stated:  "Because the

contested order of the presiding judge does not require the moving party to take substantive

action before next week at which time that judge will be available to consider the matter further,

the emergency motion to stay is denied without prejudice."  *Id.*

       4.      Wells Fargo filed its Petition on Monday, September 30, 2013, with the First

Circuit.

       5.      On October 1, 2013, this Court set a hearing on the First Emergency Motion to

Stay for October 3, 2013.  (Docket Entry No. 98.)

       6.      On October 2, 2013, Plaintiff filed Plaintiff's Response to Motion to Stay (Docket

Entry No. 99.)  Plaintiff took "no position on the Defendant's Motion to Stay" and indicated that

the Court had excused his appearance at the October 3, 2013 hearing.  (*Id.*)

2

7.      Wells Fargo's counsel appeared at the October 3, 2013 hearing.  The Court granted the stay, but *sua sponte* vacated its prior order dismissing all claims, and ordered the parties to file supplemental briefing regarding preemption within 60 days.  The transcript is posted at Docket Entry No. 100.

8.      On October 9, 2013, the District Court *sua sponte* entered an Order for Pretrial Conference setting a pre-trial conference for October 23, 2013.  The Court's Order for Pretrial Conference identified several topics for consideration, including "simplifying the issues and eliminating frivolous claims and defenses."  It directed the attendance of Wells Fargo's President in person or by telephone, and, "in light of" that requirement, vacated the "corporate resolution" requirement as "superogatory."  (Docket Entry No. 103.)

9.      On October 10, 2013, Wells Fargo filed a Supplement to Petition for Writ of Mandamus ("Supplement") with the First Circuit.  A copy of the Supplement is attached hereto as <u>Exhibit A</u>.  The Supplement requests the First Circuit, in light of the Court's orders which followed the filing of Wells Fargo's Petition, to remand the case to a new judge.

10.     Accordingly, Wells Fargo now files this Second Emergency Motion, in order to preserve the status quo until the First Circuit can rule on the Petition and Supplement.  Wells Fargo respectfully requests that the Court stay its Order for Pretrial Conference, pending the outcome of the mandamus proceedings.  The Court has the power to stay its Order pursuant to its "inherent authority" to manage proceedings before it.  *See In re Extradition of Hilton*, 2013 WL 3282864, *2 (D. Mass. June 26, 2013) ("the power to stay an order pending review of its legality has been described as 'inherent,' preserved in the grant of authority to federal courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law") (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (court's authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants")); <u>see also</u> Fed. R. Civ. P. 62(c).

11.     Federal courts generally examine whether there is "good cause" for a stay, whether it is "reasonable in duration," and they must ensure that "competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148 (1st Cir. 1992).  *See also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (district courts must "weigh competing interests and maintain an even balance," evaluate  whether a stay "will work damage to some one else," whether the absence of a stay will cause "hardship or inequity," and the duration of the stay).

12.     There is good cause for the stay because, as is set forth in the Petition and Supplement, Wells Fargo is likely to succeed on the merits.

13.     *The Balance of The* Equities.  Wells Fargo will be irreparably harmed in the absence of the stay.  The stay merely preserves the status quo to give Wells Fargo time to obtain review from the First Circuit of the Court's orders.  Plaintiff will not be harmed by the granting of the stay.  Plaintiff's counsel conceded during oral argument on Wells Fargo's Motion to Dismiss that Plaintiff was in default but he was still living in the property, and Wells Fargo will not foreclose while the stay is in place.

14.     *Duration of the Stay*.  A petition for mandamus receives expedited consideration pursuant to Federal Rule of Appellate Procedure 21(a)(3) and (b)(6).  Thus, it is unlikely that Plaintiff will be harmed by a short stay limited to the time it takes for the First Circuit to resolve Wells Fargo's Petition and Supplement.  *See, e.g. Grace Lines, Inc. v. Motley*, 439 F.2d 1028, 1030 (2d Cir. 1971) (noting that "[a] stay was granted pending the disposition of the petition for mandamus" seeking to compel judge to revoke order declaring a mistrial); *United States v. Salemme*, 164 F. Supp. 2d 86, 112-13 (D. Mass. 1998) (entering a stay to provide the First Circuit time to act on petition for mandamus seeking review of district court's denial of recusal motion).

15.     For all of the foregoing reasons, a stay is warranted in this case pending resolution of the mandamus proceedings.

16.     The Briefing Order requires compliance within 60 days (by Monday, November 18, 2013), and the Order for Pretrial Conference requires that Wells Fargo's President attend a

pretrial conference in person or via telephone 14 days after its issuance, at 2:30 p.m. on October 23, 2013.   The Order for Pretrial Conference in particular leaves Wells Fargo very little time to seek an emergency stay from the First Circuit should this Court decline to issue the stay.   Neither party requested such a conference and there is no apparent prejudice or harm in delaying it for a sufficient period for Wells Fargo's Petition to be resolved by the First Circuit.   The Court's allowance of the stay will permit the First Circuit the opportunity to consider the Petition and Supplement on a non-emergency basis.   There is no reason for the First Circuit to have to consider them on an emergency basis.

17.     Wells Fargo respectfully requests that the Court issue a ruling on or before October 14, 2013, to permit Wells Fargo sufficient time to seek an emergency stay from the First Circuit if the stay is not granted.

Respectfully submitted,

THE DEFENDANT,
WACHOVIA MORTGAGE, FSB, n/k/a
WELLS FARGO BANK, N.A.

By its attorneys,

/s/ David M. Bizar
David M. Bizar (BBO # 566795)
dbizar@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
Telephone:  (617) 946-4874
Dated:  October 10, 2013          Facsimile:   (617) 790-5368

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), I, David M. Bizar, hereby certify that I attempted to contact the Plaintiff's counsel on October 10, 2013 concerning the motion, however, as of the filing of this motion, Plaintiff's counsel has not returned my message.

/s/ David M. Bizar
David M. Bizar

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on October 10, 2013, by first class mail.

/s/ David M. Bizar
David M. Bizar