## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| JOSEPH HENNING,<br>　　　　　　　Plaintiff,<br>v.<br>WACHOVIA MORTGAGE, FSB<br>　　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 1:11-CV-11428-WGY |

### EMERGENCY MOTION FOR STAY PENDING THE OUTCOME OF WELLS FARGO'S MOTION FOR RECUSAL

Defendant Wachovia Mortgage, FSB, n/k/a Wells Fargo Bank, N.A. ("Wells Fargo") respectfully files this Motion for a stay of all proceedings pending the Court's decision on Wells Fargo's Motion for Recusal, filed herewith.

### FACTS AND HISTORY

The facts and history which warrant the relief sought in the Motion are set forth within Wells Fargo's Motion for Recusal.

### ARGUMENT

As set forth in greater detail in Wells Fargo's Motion for Recusal, Wells Fargo has respectfully asked that the Court recuse itself. The issue is not what the Court or even Wells Fargo thinks regarding whether the Court can provide Wells Fargo with a fair trial, *Town of Norfolk v. United States Army Corps of Engineers*, 968 F.2d 1438, 1460 (1st Cir. 1992), but rather that the "objective appearances provide a factual basis to doubt impartiality, even though the judge himself may subjectively be confident of his ability to be evenhanded." *Blizzard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir. 1979). The objective appearance that exists in this case is that Wells Fargo will be trying it against the Court, as much or more than against the plaintiff. The Court is obligated to recuse itself in the interest of ensuring that objective and informed members of the public may have confidence in the outcome of these proceedings, whatever their outcome may be. *See id.*

Where, as here, "the issue of partiality has been broadly publicized, . . . the claim of bias *cannot be labeled as frivolous* [and] the propriety of judicial disqualification need not await end-of-case review." *In re U.S.*, 158 F.3d at 30 (citing *In re U.S.*, 666 F.2d 690, 694 (1st Cir. 1981) (internal quotation marks omitted; emphasis added); *see also In re Bulger*, 710 F.3d 42, 45-46 (1st Cir. 2013). Accordingly, the Court should enter a stay of all proceedings until it can decide the claim of bias, and should it deny the Motion for Recusal, to continue its stay in effect to permit mandamus review.

Dated:  October 22, 2013

Respectfully submitted,

THE DEFENDANT,
WACHOVIA MORTGAGE, FSB, n/k/a
WELLS FARGO BANK, N.A.

By its attorneys,

/s/ David M. Bizar
David M. Bizar
dbizar@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
Telephone:  (617) 946-4874
Facsimile:   (617) 790-5368

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Wells Fargo states that oral argument may assist the Court and Wells Faro wishes to be heard.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1(A)(2), I, David M. Bizar, hereby certify that I attempted to contact the Plaintiff's counsel on October 22, 2013 concerning the motion, however, as of the filing of this motion, Plaintiff's counsel has not returned my message.

/s/ David M. Bizar
David M. Bizar

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on October 22, 2013, by first class mail.

/s/ David M. Bizar
David M. Bizar